Morrisey, Office of Compliance May it please the court, my name is Kelly Burchill and I am here representing Officer Ryan Morris. Officer Morris respectfully requests that this court overturn the Office of Compliance decision and remand with specific instructions to conduct a de novo review of all legal exceptions that were submitted. Jurisdiction is the only issue today. In order to resolve this issue, we need to answer two questions. One, whether the jurisdictional statute is that of a limitation of substance or specific class of persons. And second, whether this matter involves an unfair labor practice. Now I submit that first, the jurisdictional statute that is in dispute today is a limitation of legal substance and not of class as that is addressed in other parts of the Labor Management Relations Act. Just to make sure I'm understanding what you mean by that, if we all look at the judicial review section, are you getting to the point that just because it's limited to the general counsel and the respondent to the complaint, that doesn't take it out of the realm? Is that the point you're making by saying it's not based on persons, it's based on subject? It's based on unfair labor practices, is my position. That the jurisdictional statute limits matters only to unfair labor practices. And there are two mechanisms in order to handle procedurally unfair labor practices. No, I mean, by unfair labor practices, you mean to arbitrations that include unfair labor practices? Yes, that is one of the two tracks, yes. And looking at the statute, the statutory provision on judicial review, you get there because? The opening part that says except for matters which deal with 5 U.S.C. 7123A.1 and 2, those matters extend judicial review of unfair labor practices or arbitrations that involve unfair labor practices. Well, okay, let's accept that, but what good is that if the provision explicitly limits the persons who can bring this action to the general counsel or the respondent to the complaint? Well, actually, under 5 U.S.C. 7116, it outlines how unfair labor practices may be pursued. Now, there's two ways to pursue an unfair labor practice. The first way is through office of compliance prosecution. Basically, what happens is that a member of the collective bargaining unit, the union, or the agency decides that there's a violation of the statute. They file a petition with the office of compliance. Then it's the office of compliance's job to prosecute this unfair labor practice. And that's the general counsel? That's the general counsel. Right, but in an arbitration, but moving on to an arbitration, which is what's at issue here, the general counsel doesn't have any role in arbitrations, and there's nothing called a complaint in context of an arbitration procedure. Am I wrong about that? Now, a grievance, technically, is a complaint. It cites any kind of contractual violation. Now, typically, in the parlance, and I think this is in the statute repeatedly, you talk about unfair labor practice complaints, and you talk about grievances through the arbitration procedure. I mean, those are pretty well-known, well-accepted terms of art, are they not? In this case, when we're dealing with federal employees, an unfair labor practice may be pursued by the union in the form of a grievance. Every labor agreement has a rules, laws, and regulations provision, wherein the union- So the union, then, is the petitioner? Yes. Well, that's not the general counsel. I mean, if it had said, so you're right, I mean, maybe our reading would be different if it said the petitioner or the respondent to the complaint. Then I could appreciate that you would be telling us complaint shouldn't matter, and the union's the petitioner. But how do you get around the limitation to the general counsel? Which is never, am I wrong, under the statutory scheme, the general counsel's never a party in the context of a grievance arbitration, right? That is correct. However, the opening part of the jurisdictional statute specifically references 5 U.S.C. 7123A, both 1 and 2. Now, under current judicial precedent, that extends the right of judicial review of unfair labor practice arbitrations that involve unfair labor practices. Now, let's be really precise about exactly what's going on here, because it seems to me that when you say that extends, all of 7123 extends, but nothing, all the statute refers to, and I'm talking about 202C3 here, that opening language says, except for matters referred to in paragraphs 1 and 2 of 7123. It's not saying, as I read it, at least, it's saying, except to the extent that 7123 allows judicial review, it's just referring to those matters. And those matters include, let's see, an award by an arbitrator unless the order involves an unfair labor practice. So, I don't see where you're getting an actual authorization of judicial review from the reference to those two matters as being taken out of the authorization given to the general counsel and the respondent in section 202C3. See, the way the statute is set up, it actually includes... You don't understand my question. I understand your question. I'm trying to lay this out the best way I can. First thing, if you look at the statute itself, you take away the initial clause where it says, except for 5 U.S.C.s, 7123A, 1 and 2, and only read that initial part where it refers to the general counsel and the respondent. That's the initial authorization of jurisdiction. However, the opening clause creates an exception where it extends judicial review of those arbitration matters that arise out of 5 U.S.C. 7123A. To persons who are otherwise not even listed in the provision at all. In the specific, yes. However, the problem is that the Congressional Accountability Act is an act that's set up to extend rights that initially did not exist for legislative branch employees. Now, if you were to examine federal executive employee law, that standard does exist where you can have judicial review of grievances involving unfair labor practices. And it would apply here too if they hadn't struck the broader aggrieved person language in the course of the preparation of the legislation. But that was expressly stricken, as I understand in the legislative history, from the statute in this case. Well, the way the statute is written, the plain language of the statute, the way it is set up, is that with the Federal Labor Management Relations Act, to be read in peri materialum with Congressional Accountability Act. Now, if Congress wanted there to be only unfair labor practices to be prosecuted by the Office of Compliance, then it would have made changes within 5 U.S.C. 7116. Now, in 5 U.S.C. 7116d, which this is a very important part of my argument, is that it lays out a two-track mechanism for handling unfair labor practices. The first track is through office compliance prosecution. The second track is through grievance arbitration. Now, if Congress did intend to make it so that there was no judicial review whatsoever of arbitrations, including those with unfair labor practices, it would have struck that provision within the statute. However, that provision has been extended. See, what has happened is that you've got a situation where the Office of Compliance claims, okay, this only involves unfair labor practices that we prosecuted. However, Congress has clearly stated, and other courts have found, that Congress intends for there to be uniformity when it comes to unfair labor practices. Well, I don't have any doubt that there were... I'm sorry. Go ahead. I don't have any doubt that there were arrows pointing in the direction which you're advocating today. The problem remains, however, that you've got clear language, which is not subject to any other interpretation, I don't think, fairly, going the other way. So how are we to get around that? Well, examining the interpretation that's being posed to me is that almost as if the reference to 5 U.S.C. 7123A doesn't exist. Now, the central question that you would have to ask yourself is, why did Congress put in that statute and that reference? Because that is the only part in the entire Congressional Accountability Act where that specific part of the federal labor management relations statute is referenced. Looking at that part, in addition to the congressional intent to maintain uniformity of unfair labor practice decisions, the only possible way that you can interpret the plain language by that reference is that Congress intended for unfair labor practices, which are pursued through grievance arbitrations, are subject to judicial review. My problem is the only way you can interpret it the way you want is to rewrite, wouldn't you acknowledge, the reference to general counsel or respondent to the complaint. You absolutely have to rewrite those words to include someone else. We would have to put in the aggrieved party language, which was taken out. Respectfully, I disagree with that interpretation. See, there are indications that the aggrieved language was in there. The aggrieved party language was in there. The party's person aggrieved too. And that was specifically taken out. Yes. And substituted. Now, that language, if that language would have remained, it would have actually opened the door and broadened jurisdiction to not just include unfair labor practices, but a whole number of other complaints. Could it be that the Congress wanted the labor arbitrations that were conducted for the OOC and for legislative employees to be final, no appeals taken after that? Could that be an indication that maybe that was the intent of Congress? It's clear they didn't want arbitrations. No, no, not arbitrations. Let arbitrations proceed. Arbitrations are very normal in many of the labor proceedings, but some of them are made finals without appeals at the end of the arbitration. I agree that arbitrations should end with office compliance with the sole exception of arbitrations where the central thrust is an unfair labor practice. Because Congress intended for there to be uniformity within unfair labor practices. Now, under the system, the way it's set up right now, the direct reference to the general counsel and the respondent is a specific reference to the office compliance in their procedures and the way that they handle unfair labor practice prosecutions. However, they needed to extend the grievance arbitrations to maintain that uniformity. That's the reason why Congress specifically referenced the five USC 71, 23A, 1, and 2. You mentioned in passing to Judge Gallarza that if they put in the language he was suggesting of any aggrieved person, that would be clearly too expansive to go beyond whatever. How so? If it's any person aggrieved, then it opens up to any person who says, wait a minute, I have an issue with this matter. And it wouldn't be more. Congress intended- Is it used in the general federal equivalent of this? The general federal equivalent, there are certain differences, yes. But isn't any aggrieved person the exact formula? I don't have it in front of me, so I can't remember. The way it's set up under the federal statute is that arbitrations are final once the FLRA makes its decision, with the one exception being arbitration matters where there's central thrust is that of an unfair labor practice. And what we are requesting is that this is consistent with the way matters are handled with the Federal Labor Relations Authority. Can I ask one quick question, just moving on to another issue, assuming we were to agree with you on this point, then we're left with the question of how the board order itself in this case implicated or involved an unfair labor practice, given that the arbitration here was purely on a procedural matter? Actually unfair labor practices arose during the arbitration matter itself. There was one unfair labor practice where the department failed to provide- No, but let me rephrase it and narrow it a little. The order here, the order itself, which I think is the reference that's made to the statute, either order or award, one of those terms, the order itself didn't make any reference to the unfair labor practice issues. As I understand it, it dealt exclusively with the proper timing for filing of these grievance and knocked it out on that basis. Am I right about that? Well, are you talking about the office compliance decision? Just for clarification. Yeah, the board's order, yes. Okay, the board's order, and I will note for the record that my time is up, I have an additional- Go ahead, you can complete the question. Okay. The issue is that while the board's order did not involve an unfair labor practice, the problem is that by law, the board is required to conduct a de novo review of all legal exceptions, and the board didn't do that. So what we have here is basically- The arbitrator award, the arbitrator here went off exclusively on the question of arbitrability based on a timely filing of the grievance, and that was all he dealt with, right? And then it goes up to the board. So is the board, they have jurisdiction or authority to get into the merits of the underlying grievance? By law, they are allowed to conduct a de novo review under 2 U.S.C. 1407. They are required to conduct a de novo review- Allowed or required? Required. What's a de novo? What does that mean? A de novo review of what? The legal exceptions. All legal exceptions. And isn't there a tie of the legal exceptions to the arbitrability award in this case would deal exclusively with the issues covered? You can't file exceptions to something beyond what the arbitrator awarded. So we're back to the same place, right, of just dealing with the timeliness issue. Now, an arbitration award that's not supported by law can be reviewed, and that is one grounds for setting aside the arbitrator's decision. And in this matter, there were unfair labor practices that arose during the arbitration from the demand for arbitration- When you filed exceptions to the arbitrator's award, that's what you're talking about. Did those exceptions to the arbitrator's award deal with anything other than the merits of the award on the question of timeliness? There were both the merits of the award and unfair labor practices that arose. They were, I'm sorry- Both. It dealt with the merits of the award and legal exceptions, namely unfair labor practices that arose during the matter, during the underlying arbitration itself. So you think the board would have had authority to litigate or just dispose of the legal questions involving the unfair labor practices in the context of an appeal of this arbitration award that dealt exclusively with arbitrability? Yeah, under 2 U.S.C. 1407, yes. Then what's the effect of a finding that the arbitration request was on time? The effect is, one of the unfair labor practices was actually part of the grievance process, which lends itself- Let me ask the question more precisely, just to focus your answer. Is there ever a situation in which when the arbitration request is untimely, that that's the end of the matter? Or is that just, that's interesting, but we're going on to reach the merits? When there's a unilateral change in the grievance procedures, that is an unfair labor practice. That is what we have going on today. The unfair labor practices, there was a clear change in how the department utilized the grievance timelines, which led to the finding of not being arbitrable. And with the unilateral- Use of timelines? See, in the underlying case, what had happened was that the contract was ratified on January 9th, 2003. In February of 2003, there was a change of law dealing with how removals are handled in disciplinary matters. Now, under Article 41 of the contract, there was a mandatory obligation for the parties to meet and renegotiate any changes of law that impacted the contract. This renegotiation never occurred. So we fast forward into 2007, and then we have an issue where the chief clearly issues a final determination that he is going to remove Officer Morris. Two weeks later, the union submits a demand for arbitration. However, the department takes the position that this matter is not arbitrable because it's not right. The contract clearly states that once the chief of police has made a final decision, then that final decision, the timelines begin for arbitration, for the demand for arbitration. However, the Capitol police actually took two different positions by two different representatives. One representative stated that the matter could not be finalized until Officer Morris had received his removal- I think I'm understanding the scenario of what your grievance is. I guess I don't understand why that would not be an allegation with regard to a breach of contract and a grievance as opposed to- what makes that a ULP? The FLRA has ruled numerous times that a unilateral change in the grievance process, because the grievance process is actually statutorily mandated under 5 U.S.C. 7121, it mandates that the grievance process be fair and simple. And as a result, the FLRA has examined this law and found that any unilateral change in the grievance process constitutes an unfair labor practice. And since this unfair labor- And did you make these arguments about how it- you made these to the arbitrator in the context of the arbitrability issue, right? At that point, I was not on the council of record, but I do believe, yes, those arguments were made and that was the central thrust. Matter of fact, if you review the record- Did he make a finding? I can't remember the award note. Did he make a finding with respect to no unilateral change? I do not believe that was made. Okay. Why don't we hear from your opposing counsel? We'll restore at least a couple of minutes of rebuttal. Thank you. Mr. Walker? I'm pleased to court, William Walker with the Office of Compliance. As to the last point, the unilateral change argument was not presented to the arbitrator at any time. It was not considered by the arbitrator. It's not- it's not part- it was not part of the case. I don't believe it was- I also do not believe it was raised in exceptions before the agency, before the board. But the point is that in the arbitration- what you've got here is the board order is entirely silent, does not deal with ULPs. ULPs were not involved in the board's decision. They weren't mentioned in the board's decision. They were not part of the board's decision by implication or expressly. And they weren't- they weren't part of the board's decision because the arbitrator did not address unfair labor practices at all, did not mention unfair labor practices. Well, it seems so. If they had been raised in exceptions, the board likely would have at least referenced that, don't you think? Your Honor, I think that the case was 99% about the- whether the arbitrator correctly interpreted the contract. The board said- the board- I don't think there's any basis for arguing that the board did not consider the exceptions. The board said it considered the exceptions in light of applicable laws and regulations. It characterized the exceptions as mainly dealing with the arbitrator's allegedly improper interpretation of the contract and his failure to make proper findings of fact. I submit that that's all that the arbitrator was- the Let me move you in a different direction, and I guess you may not know the answer to this question, but I just- it's important, I think, for me. What- there are a lot- I mean, this act covers approximately how many people, do you know? I mean, how many people- employees. The government accountability. How many employees are there that are actually covered? In the legislative branch, I don't know, but it's thousands. A couple thousand. More than- more than a couple of thousand. Yeah, but what about- I mean, this isn't- I haven't seen a case come up here that implicates a union grievance yet. I'm just wondering, I mean, the paternal order of police, so if the capital police- are there other unions that are players here? Other large, you know, bargaining units covered under this? There is another large bargaining unit. The is, I believe, another even larger bargaining unit, yes. Most of them are considerably smaller. Okay, so I guess that leads me to that question that's relevant to this case, which is, has this provision ever been subject to review? I mean, I assume they know cases by us, so they would have been cited, but has the board had occasion to consider this question before, in terms of this provision? I'm sorry, which particular provision? Well, so do they have a number of cases that involve review of arbitrations that implicate ULPs? No, I believe this is the first case that's reached the Court of Appeals. The board has had a small number, I believe, a small number of cases where it has- So they have, in some instances. In some instances. None of them, to my knowledge, have involved an allegation that they involved unfair labor practices that made it subject to limited review. Now, to go back to your question about whether or not the board should have said something about these ULP allegations that were made on exceptions, the Supreme Court has recognized a principle that there's a presumption of regularity that attaches to the actions of government agencies. This board's proceedings were in every respect consistent with that principle. Well, yeah, but I thought your answer was you weren't sure whether they were raised in the exceptions or not. Oh, no, no. The ULPs were raised in the exceptions, but they were not properly part of the arbitration proceeding, and it would be an invitation to bootstrapping. See, if a party agreement or the employee agency loses before an arbitrator and decides, oh, my goodness, we're not going to be able to get judicial review of this unless we introduce untrue labor practices into the case. But typically, wouldn't we expect that the board would at least address that, even if the result is what you suggest? I suppose the board could have addressed it, Your Honor, but all they would have addressed in this case is what would have been said was the ULP allegations are in the exceptions because the case before the arbitrator did not properly involve ULPs. That wouldn't get a petitioner into a judicial review situation because all it would do is be mentioning why ULPs were not properly before the board. Can I move you to the statutory position? Is that an appealable position, then, that they were denied and not considered at that point, that they were not part of the total decision by the board? I'm sorry, Your Honor, if the board had specifically addressed these allegations? They said that they did not address them, but they denied them. Well, I submit that that's what they actually did. I mean, the board said it considered the exceptions. Among the exceptions, not primarily the focus of the exceptions, but among the exceptions were these ULP allegations that were not addressed by the arbitrator and for good and sufficient reasons were not addressed by the arbitrator. But even if they had been, you'd say that we wouldn't have jurisdiction? That's correct. And that leads us to the statute? Right, that's correct. And so why don't you tell us about how, just as an introduction, this statute is, at least your reading of it strikes me as it leads to some peculiar conclusions. Would you agree with that? There's only one peculiar, I'm not going to describe it. Okay, I'll put it in the singular. A peculiar, it's a little peculiar to try to figure out what the except for clause is doing in this statute. That's not what I would regard as a peculiarity of the statute. The peculiarity, there is somewhat of an anomaly in one respect, and that is if the concern is about uniformity in ULP law. The way our statute is written, it's conceivable that the board could make some statements in an arbitration appeal about ULPs that would ultimately not be reviewable. This is, we're talking about a very small category, a very small area that would probably never arise. It's almost no cases dealing, court cases, in which a court has said that the FLRA's decision involves entourage practices. This is something that almost never happens. Now, to address the 7123 issue, we don't see any peculiarity there because the language in 7123 is contained in 7123a, 7123a says that any person agrees, any person agreed language is in a. In 220c3, that's not where the CAA focuses on. It says, except to matters, clearly meaning subject matters, that are mentioned in 1 and 2 of 7123a. So the a language, that clause that contains the words any party agreed. Congress, when enacting the CAA, is not focusing on those languages, that language at all, I submit. Go ahead, Doris. Can I ask the question another way? If this line and begin the whole, the provision in its entirety would have started where we start the general counsel or the respondent, would it, in your interpretation of it, have any meaning other than what you're ascribing to it today? In other words, does that phrase, given your interpretation of this provision, seems to me that first phrase is completely irrelevant and meaningless? Yes, it is. It is. You agree with that? Well, it's not meaningless. The 8 of the 1 and 2 are not meaningless because it takes out the subject matters, unless I'm misunderstanding the question. Yeah, okay. I, well, let me phrase it another way. I, as I understand it, it is meaningless, given the reading you're advocating. And the reason I reach, I think that is because what you, what the first provision leaves us to is matters arbitrations. We're taking out arbitration awards that don't have ULPs. The import of that would be we're leaving in arbitrations that do have ULPs. That's the only relevance of that phrase. But according to your reading, the next phrase of general counsel takes that class, arbitrations involving ULPs, out of any review. Because the general counsel and the respondents are not part of arbitrations. You have a footnote in your brief to that effect. Yes, but in a subsequent unfair labor practice proceeding, where let's say the general counsel loses before the board in the unfair labor practice case. Yeah. The general counsel may seek judicial review of that decision. But that has nothing to do with the arbitration. But if there's an underlying, if the unfair labor practice case has an underlying arbitration decision that involves an unfair labor practice, that is open to judicial review. For example, let's. But that would be a separate matter though. That would be a separate case, not the arbitration we're talking about. That's correct. They would have to bring a separate unfair labor practice action. That is correct. And only that would be appealable to us. Correct. Now the 7123A has nothing to do with arbitration, with unfair labor practice. But it might. It only deals with arbitration awards that consist of unfair labor practice allegations and arbitration awards that don't. What you're talking about is an unfair labor practice case. Nobody disputes that those are covered here. No. That's not what 7123A means. It is addressing that. But your honor, a failure to comply with an arbitration award is an unfair labor practice. Okay. Now there's a finding by the board of non-fair labor practice and the employing agency seeks review. And the unfair labor practice in the review proceeding the employing agency, their argument is that the unfair labor practice order is unenforceable because the underlying arbitration provision decision was improperly arrived at and it involved unfair labor practice. There was a misstatement of ULP law in the arbitration decision. The arbitration decision can be reviewable in a subsequent unfair labor practice proceeding that is reviewed at the behest of the general counsel or the respondent to the complaint who is lost before the board. But if you file an unfair labor practice based on the assertion that you're refusing to implement an arbitration award, that is clearly reviewable under this decision irrespective of whether the arbitration award, we're now two levels below, there's a ULP about an arbitration, irrespective of whether the arbitration award dealt with an unfair labor practice or didn't deal with an unfair labor practice. Would you disagree with that? I certainly would, your honor, because even in the FLRA decisions, under the FLRA, if there's the under the FLRA under 7123a one, the arbitration decision is not judicially reviewable. However, if there's a subsequent unfair labor practice proceeding based on the arbitration decision and the arbitration decision involves unfair labor practices, it is reviewable. And it's not if it doesn't? That's correct. Even in the unfair labor practice proceeding, the arbitration proceeding has to involve an unfair labor practice or the party seeking review of the unfair labor practice by order can't go behind the arbitration award decision unless it involves a ULP. We cite a case, there are cases. So it's not true that arbitration decisions that involve unfair labor practices are never reviewable under the CAA. That is not true. There is this scenario, it may be a relatively remote or unknown scenario, where an unfair labor practice decision turns on whether the board in the arbitration case properly decided the case. And if that decision didn't involve an unfair labor practice, you can't go behind the arbitration decision. But if it did involve an unfair labor practice, it would be reviewable. To the extent it would be reviewable is an open question, whether it would just be reviewable to correct any misstatement of ULP law. I can't answer that because I don't think it's ever been addressed. But who can bring that review? Only the general counsel or the respondent. So you've got a very limited review process at that point. That's correct. Even though you do have an unfair labor practice. That's correct. There's very limited review of the underlying arbitration decision. In most ULP cases, there's not going to be an but in those that are, where there is an underlying arbitration decision, it is subject to that limited review. Can I just ask one, just one clarification to make sure I understand this. If you, if an employer refuses to implement an arbitration award, that's, you go the ULP right to a route to enforce that rather than enforcing the arbitration award? That's an, that's been an unfair labor practice under FLRA law and that part of it is incorporated into the CAA. But the FLRA also has these separate procedures to review arbitration awards, right? I believe they're the 122, I think. You can appeal arbitration awards to the FLRA. Yes. Right. And you can do the same. And are those then judicially appealable? The FLRA's determination with respect to those arbitration awards, they are at the behest of a, of a party, a party aggrieved, a party, any party aggrieved. Right, so you get, they get judicial review under the FLRA of arbitration awards that are ruled on by the FLRA. Yes, if they involve an unfair labor practice. No, I'm talking about 71, you mean 7122 is limited to arbitration? That's agency procedure. The board would, it doesn't have a problem with 7122. In fact, the board in this case said we review this in accordance with requirements of 7122 as incorporated in the CAA. And also 7116D that talks about you got to make an election. Well, the board doesn't have any problem with that. Either the board would apply the same procedures. Those are procedures before the agency. The, the, the entire argument that the board, that, that the CAA has to be construed in pairing material with the FLRA, we agree completely up to and including the point where the board issues its decision. And at that point, the Congress. And you said the judicial review provision is just narrow. Yes. That's what this case comes down to in your view, is that they struck a grieved person and they left the rest of it. And that makes a big change as you see it in who can come to this court. Yes. I mean, in the statute. That's basically all, that's your entire jurisdictional argument, right? Well, yes, I'm understanding. I understand. That's what I'm talking about. Yes, yes. And Congress said judicial review is prohibited unless expressly authorized. They're only expressly authorized. It's just icing on the cake, though, as you see it, because it's, that's generally the case. You don't get judicial review well. Well, I mean, in the, in the Block case, Block and Fausto, they have to infer that there was an intent to preclude judicial review. There wasn't any, there wasn't language, the strong language. It's powerful legislative. This would be a pretty good place to put the Fausto interpretation, inference in, I would think. I mean, this is exactly the kind of structure that Fausto was talking about. Yes. Yes. And on top of that, you've got language that says unless it's expressly authorized, it's prohibited. Okay. Very well. We'll hear a couple of minutes rebuttal from Mr. Bertschill, if you have it. Just to clarify a few things at the end of the day. One is there's a lot of focus on 2 U.S.C. 1351A. And one thing that you need to recognize within that context was that the statute does extend the, does extend FLRA decisions as persuasive precedent to ensure that there is uniformity of the, of the FLRA and the Labor Management Relations Act. Congress wanted uniformity and wanted consistency in applying that act. And all that we're looking for is that same consistency when it comes to judicial review of unfair labor practices. Now, second, there is one, one thing that I wanted to make sure to make very clear, and there was the hypothetical where a union wins an arbitration and then the agency fails to go for, go forward with the award. Now, yes, that is an unfair labor practice. However, it is assumed that that unfair labor practice is only prosecuted by the office compliance. However, under 5 U.S.C. 7116D, the union has the right to choose whether it wants to grieve the matter again or it wants to go to the office of compliance. In that situation, the union can either, one, be able to control more of its own destiny in its litigation strategy, plus going along with Congress's intent to allow, to promote arbitrations, or two, they are forced to ensure the judicial review to go to the office of compliance and file that unfair labor practice. If Congress had intended to have all unfair labor practices only be, only go through the judicial review through office compliance prosecutions, it would not have included 5 U.S.C. 7116D. That is one major part of the entire statutory structure. Okay. Thank you, Mr. Berger. The case is submitted.